H. I. HETTINGER & COMPANY, Plaintiff and Appellee, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 8798. Argued February 10, 1944.—Decided March 23, 1945.

*Jesús A. González, Acting Attorney General, M. Rodríguez Ramos, (Former Acting Attorney General on the brief) and J. Rivera Barreras, Deputy Attorney General,* for appellant. *H. S. Mc-Connell* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In the case of *Porto Rico Iron Works, Inc.* v. *Buscaglia, Treas.,* 62 P.R.R. 839, construing the statute then in force, we held that contractors of works belonging to the housing authorities, whether insular or municipal, were not exempt from payment of the 2 per cent tax on the amount of the contract which is imposed by subdivision 4, "Other Excises," of § 16 of the Internal Revenue Law.

We now confirm our decision in said case of Porto Rico Iron Works, Inc. upon the particular above-mentioned, and note the fact that Mr. Justice Snyder, who did not partici-

pate therein, agrees with the result but not with the reasoning of said decision.

■ There is an additional factor involved in the instant case. The plaintiff alleges that it is exempt from the payment of the local tax by virtue of a Federal statute [§ 5(e) of Act of September 1, 1937, 42 U.S.C.A. § 1405 (e)] inasmuch as its contract was entered into with the Federal Housing Authority and with the local authority.

We need not determine this question, in view of the manner in which this case has been submitted to us and in view also of the insular legislation which was subsequently enacted and to which we will refer further on in this opinion.

The case has come to us by virtue of an appeal taken by the Treasurer of Puerto Rico from a judgment rendered upon the overruling of a demurrer for insufficiency which had been interposed by the defendant Treasurer. Hence, in view of the unprecise character of the allegation regarding the existence of a contract with the United States Housing Authority, we are not in a position to determine whether the cited Federal statute is really applicable to the facts herein. And, since we propose to remand the case on another ground, we will refrain from passing upon this question at this time.

While the instant case was pending before this court, the Insular Legislature passed Act No. 105 of May 14, 1944, exempting persons who have entered into contracts with the Housing Authority of Puerto Rico from the payment of certain taxes and excises, and ordering the return of the sums already collected for such taxes. The plaintiff claims the benefit of said Act. In the *Porto Rico Iron Works, Inc.,* case, *supra,* we refused to reconsider our decision, on the grounds that said Act No. 105 had gone into effect subsequent to the rendition of our judgment, and that questions of fact raised could not be properly determined by an appellate court on a motion for rehearing.

Nevertheless, in the present case, no decision on the merits has been rendered as yet, and hence we are confronted with the new legislation. Moreover, since the case has never been tried on the merits, it is proper that the district court should have an opportunity (*a*) to make findings upon the evidence which may be submitted to it, and (*b*) to determine, in view of the new statute, whether the plaintiff is covered by the Federal Act or by the recent insular law granting exemptions.

For the reasons stated we will reverse the judgment appealed from and remand the case to the district court for further proceedings not inconsistent with this opinion.